Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that partial payments made by the executor to legatees from time to time on account, though upon a settlement and adjustment of accounts thereafter, it should appear that such advances may exceed the amount to which some of the legatees were entitled, does not constitute such an actual settlement of the executor’s account, as to take the demand for commissions out of the operation of the statute. The Court is therefore of opinion, that there is no error in so much of said decree as disallowed the claim for commissions.
But the Court is of opinion, that there is error in so much of said decree as charges the executor with the debt due from Benjamin Dabney deceased, to the testator of the appellant, for the purchase of the farm called Toler’s. The testator, in his lifetime, had rested upon the security of the deed of trust on the land; the executor had acquired additional security on slaves, and it does not satisfactorily appear that by any degree of diligence, he could have effected more to secure the payment of the whole debt. The loss would seem to have been incurred from the extraordinary depreciation in the value of the property covered by the deed of trust, *167 rather than from any culpable neglect on the part of the executor.
And as to other errors alleged in argument by the counsel of the appellant to be apparent on the face of the account, which, if they exist, it is contended by the counsel of the appellees, are rñore than counterbalanced by other errors apparent on the face of the account to their prejudice, this Court deems it unnecessary to express any opinion. As the case must go back to a commissioner, such errors of calculation or of improper credits, or charges of interest, or any other errors alleged to exist on the face of the account, can be considered and corrected, and the conclusions of the commissioner brought to the notice of the Court by specific exceptions directed to the particular matters objected to. And in respect to the specific legacies bequeathed, it will be competent for the executor upon such recommitment to shew, if he can, that he is entitled to any additional credits for payments on account thereof. And an enquiry should be directed to ascertain, if said legacies are still unpaid, whether in the condition of the estate, distribution should be decreed among the residuary legatees, of the funds in the hands of the executor, or the same should be retained for the payment of specific legatees; and for this purpose, the appellees should be required to make the legatee, Sally P. Welford, a party, unless it should appear she died unmarried before attaining the age of 21 years.
The Court, therefore, without pronouncing any opinion upon the errors alleged on both sides to be apparent on the face of the account, but leaving them to be corrected, if they exist, upon a restatement of the account, is of opinion, that the decree is erroneous in charging the executor with the debt due from B. Dabney deceased, as aforesaid.
Reversed, with costs to the appellant, and remanded, with leave to make the legatee, S. P. Welford, or her re *168 presentatives, a party or parties if necessary,‘and with-instructions to recommit the account to a commissioner, to restate the same : in which the executor is not to be charged with the uncollected balance of said Dabney’s ^ebt > anc^ to correct any other errors if discovered, apparent on the face of the account; for the proper enquiries in regard to the specific legacies; and for further proceedings in order to a final decree.